In the Matter of William M. Richardson, an Attorney, Respondent.

First Department, January 13, 1928.

**Attorney and client — disciplinary proceedings — attorney disbarred for converting money of client.**

Respondent, an attorney, was retained to collect damages for personal injuries and was advised by his client not to settle for less than $1,000. Respondent, however, settled the claim for $350 and did not pay over any part thereof to his client until after she had retained another attorney and until proceedings had been instituted against respondent for practicing law without having filed the affidavit of his right so to do with the clerk of the Court of Appeals as required by section 468 of the Judiciary Law. The respondent is disbarred.

Disciplinary proceedings brought by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

, for the respondent.

Dowling, P. J. The respondent was admitted to the practice of the law in March, 1909, in the New York Supreme Court, Appellate Division, Fourth Department.

The learned official referee has found that in July, 1926, respondent was retained by Mrs. Mary Stretz to collect damages for personal injuries suffered by her as a result of having been struck by a taxicab; that thereafter the respondent represented to Mrs. Stretz that he had arranged to settle her claim for the sum of $1,000

and he then induced her to agree to such settlement, and further induced her to sign a general release; that the respondent's statement that he had arranged a settlement of the case for $1,000 was untrue; that without his client's knowledge or consent, respondent agreed to accept $350 in settlement of her claim; that respondent did not pay over any part of this money to his client, but converted the same to his own use.

The official referee further found that after Mrs. Stretz met with the accident she was taken to Bellevue Hospital, and while there through the efforts of some church worker she was induced to retain the respondent, and agreed to pay him fifty per cent of whatever money she might collect; but she informed him that he should settle the case for $1,000, of which she was to receive $500 as her share but no less.

It further appeared that immediately thereafter, respondent settled the claim with the insurance company and received the sum of $350 by check to his order dated August 9, 1926, but did not inform his client of the settlement. On the same day he exchanged that check for the personal check of one of the officers of the Red Cab Mutual Casualty Company, which settled the case, and he then cashed the latter check.

On or about August 27, 1926, Mrs. Stretz retained another attorney, and after the latter had made numerous appointments with respondent, none of which he kept, respondent finally paid over to said attorney the sum of $350 which he had received, and which Mrs. Stretz accepted in view of her financial circumstances. This payment was only made after proceedings had been taken against respondent for practicing law without filing the affidavit of his right so to do with the clerk of the Court of Appeals as required by the Judiciary Law (§ 468). (See Penal Law, § 270, as amd. by Laws of 1917, chap. 783.)

Upon these facts the learned official referee has reported that respondent had been guilty of unprofessional conduct, and we agree with that conclusion. The respondent has not appeared before the referee or offered any excuse or justification for his actions aforesaid, nor submitted any proof to controvert the charges herein. He is unfit to remain a member of the legal profession, and he should be disbarred.

MERRELL, FINCH, MCAVOY and PROSKAUER, JJ., concur.

Respondent disbarred.